HILL CITY INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 10 OF HILL CITY, PENNINGTON COUNTY, SOUTH DAKOTA, Respondent, v. GENTRY, et al, Appellants.

(256 N. W. 371.)

(File No. 7691. Opinion filed September 25, 1934.)

*Denu & Philip* and *T. B. Thorson,* all of Rapid City, for Appellants.

*Soule & Sieler,* of Rapid City, for Respondent.

PER CURIAM. Plaintiff school district instituted this action against defendant Gentry, the school treasurer, and National Surety Company, the surety on his official bond, to recover for the loss of certain school money which Gentry, as treasurer, had on deposit in a bank which failed. Issues were joined and the cause came on for trial before a jury, which presently returned a general verdict in favor of the defendants. As a result of some rather unusual proceedings thereafter had in the trial court, no judgment was entered upon the general verdict for the defendants, but judgment was entered in favor of the plaintiff school district. Whether this judgment purports to be a judgment upon a verdict by direction of the court or judgment notwithstanding the verdict seems somewhat speculative. In any event, defendants have appealed therefrom.

Respondent urges the validity of the judgment appealed from, while appellants contend upon divers grounds that it should be reversed and the cause remanded with directions to enter judgment in favor of the defendants upon the general jury verdict. Several

matters of procedure were handled in the trial court in a fashion quite novel, but we think we need not undertake to determine the validity thereof. In the light of the law as established by this court in Seneca School District v. Traver, opinion filed September 17, 1934, 63 S. D. 68, 256 N. W. 365, we are of the view that the record in the instant case would not support a directed verdict for the plaintiff had a motion for such verdict been made and granted at the close of all the testimony in the case. On the other hand, it is quite plain that the trial judge, had he not believed he could enter a valid judgment in favor of respondent district, would at least have granted a new trial. Under the unusual and somewhat peculiar circumstances presented by this record and in view of the confused and confusing condition thereof, we are of the opinion, as was announced from the bench at the time of oral argument, that the ends of justice will best be served by remanding the cause for a new trial.

The judgment appealed from is therefore reversed, and the cause is so remanded.

All the Judges concur.